**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CRASTINE WHITE                    )  | |
|                                                         ) | |
|             Plaintiffs,                    ) | |
|                                                         ) | |
|     v.                                            ) | Case No. 3:22-cv-1425 |
|                                                         ) | |
| WALMART INC.,                      ) | |
|                                                         ) | |
|             Defendant.                   ) | |

## NOTICE OF REMOVAL

Defendant Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion, LLC, removes this case to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. §1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, a certain civil action designated as 22LA000173, in which Crastine White (hereinafter "Plaintiff") is Plaintiff and Walmart, Inc. (hereinafter "Walmart") is Defendant.

2. Walmart removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §1446(a), because the original action was filed in Madison County, Illinois, which is within the Southern District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S. C. §1332.

4. Complete diversity of citizenship exists between Plaintiff and Walmart, as required by 28 U.S.C. §1332(a).

5. Plaintiff is now and was at the time of the commencement of this action, a citizen of the State of Illinois.

6. Walmart is now and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. Walmart is, then, a citizen of the State of Arkansas and the State of Delaware.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00), as required by 28 U.S.C. §1332(a).

8. In her Complaint, Plaintiff claimed that, as a result of the alleged incident, she sustained "injuries to her left knee" and "suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of her physical injuries." **Plaintiff's Complaint, ¶14**.

9. Plaintiff's Complaint did not allege any specific amount for her damages, except to pray for "an amount to exceed $50,000.00," and provided no other information concerning her injuries, damages, or treatment. **Plaintiff's Complaint**.

10. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from

employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11. On June 3, 2022, counsel for Plaintiff sent correspondence to Defendant, including a settlement demand. In that letter, Plaintiff seeks Two-Hundred and Seventy Thousand Dollars ($270,000.00) to settle this matter.

12. The demand letter indicated that plaintiff's medical bills, to date, totaled over $19,200.30, with a recommendation for a left knee arthroscopy.

13. Walmart had insufficient information to establish that the amount in controversy was in excess of Seventy-Five Thousand Dollars ($75,000.00) before June 3, 2022, because Walmart had limited knowledge of Plaintiff's claimed injuries, medical bills, treatment, and damages, the existence of pre-existing conditions, if any, and proximate causation.

14. Based on the alleged past and future medical expenses, past and future pain and suffering, emotional distress, increased risk of future harm, the disclosed medical specials, the stated need for future surgery, and alleged permanency of Plaintiff's injuries, Walmart asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## **TIMELINESS**

15. Plaintiff filed her Complaint on or about February 8, 2022, and Walmart filed its timely Answer on March 28, 2022.

16. This Notice of Removal was filed within thirty (30) days after Walmart learned that the amount in controversy exceeded Seventy-Five Thousand Dollars ($75,000.00), pursuant to 28 U.S.C. §1446(b), and within one-year after commencement of the action, pursuant to 28 U.S.C. §1446(c).

## NOTICE REQUIREMENTS

17. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

18. A copy of this notice of removal was filed with the Third Judicial Circuit, Madison County, Illinois, as required by 28 U.S.C. §1446(d).

19. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, Defendant Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall affect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION LLC

By /s/James E. DeFranco
James E. DeFranco, #6181134
141 Market Place, Suite 104
Fairview Heights, IL 62208
(618) 628-2000
(618) 628-2007 Fax
jdefranco@rssclaw.com
ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRASTINE WHITE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-1425 |
| | ) |
| WALMART INC., | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF ST. CLAIR | ) |

James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

/s/ James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 1st day of July 2022.

/s/Marie G. Agne
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRASTINE WHITE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-1425 |
| | ) |
| WALMART INC., | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 1st day of July 2022, he sent by e-mail a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 1st day of July 2022, a copy of the Notice for Removal filed herein was also electronically filed with the Clerk of the Third Judicial Circuit Court, Madison County Courthouse, Edwardsville, Illinois.

/s/ James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 1st day of July 2022.

/s/Marie G. Agne
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022